UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22689-Civ-WILLIAMS

JANETH ELENA LEAL,

    Plaintiff,

vs.

MICHAEL ROSS TEIN, and
LAURIE J. TEIN,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS

This MATTER is before the Court on Plaintiff's Motion to Dismiss the Defendants' Counterclaims [D.E. 17] and Defendants' Response [D.E. 24].

### I. BACKGROUND

Plaintiff Janeth Elena Leal brings this action under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages, 29 U.S.C. § 201 *et seq.* [D.E. 1]. She alleges that Defendants Michael and Laurie Tein (the "Teins") employed her as a non-live-in housekeeper from January 18, 2008, to July 5, 2011. [*Id.* ¶¶ 3-4, 7-8]. According to Leal, she worked an average of 48 hours per week, and while she was paid an average hourly rate of $15 for the first 40 hours of the work week, the Teins never paid her overtime wages for the time she worked beyond those first 40 hours. [*Id.* ¶ 11]. See 29 U.S.C. § 207(l) ("No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee

1

receives compensation for such employment in accordance with subsection (a) of this section.").

The Teins filed an Answer and a Counterclaim against Leal. [D.E. 14]. In that pleading, the Teins allege that Leal worked a strict 40-hour week (and thus deny that she worked any overtime) and that she filed this lawsuit in retaliation for the Teins' refusal to pay her "off the books." [See id. at 4-6 ¶¶ 4, 7-11]. The Teins further allege that Leal "spent a great deal of time talking on the cell phone rather than working." [Id. at 6 ¶ 12]. According to the Teins, they asked Leal to reduce her cell phone usage on two occasions, and she promised that she would do so. [Id.]. However, they allege that Leal "continued to deceive the Teins and spen[t] hours on the phone instead of working." [Id.]. The Teins estimate that Leal spent "likely far in excess of 750 hours over 3 years of employment" talking on the phone rather than working, and they assert that Leal "owes [them] that money." [Id. at 6 ¶ 13]. Based on this allegation, the Teins bring counterclaims against Leal for breach of contract, unjust enrichment, and misrepresentation. [Id. at 7-8 ¶¶ 14-24]. And as one the Teins' affirmative defenses, they request a "setoff for the number of hours [Leal] spent on [her] cell phone, paid but not worked, while deceiving the Teins into believing that she was actually working during those hours." [Id. at 3 ¶ 7].

In response, Leal filed the instant motion to dismiss the Counterclaim. [D.E. 17]. Relying on the former Fifth Circuit's decision in Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974) and its progeny, she argues that the Teins are precluded from bringing their counterclaims. [See id. at 1, 3-5]. For similar reasons, she also requests that this Court

strike the Teins' set-off affirmative defense. [*Id.* at 9-12].[1] On this point, the Teins respond that the FLSA does not preclude their counterclaims, and that *Heard* does not prohibit a set-off where it will not cause the plaintiff's award to drop below the statutory minimum payment. [D.E. 24 at 5-6, 8].

## II. DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint—or, in this case, a counterclaim—must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the counterclaimant's favor. *See Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). While a counterclaim need not provide "detailed factual allegations," it must provide "more than labels and conclusions." *Twombly.* 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a counterclaim because the court anticipates "actual proof of those facts is impossible;" however, the "[f]actual allegations must be

---

[1] Leal also argues that: this Court lacks supplemental jurisdiction over the Teins' state law counterclaims because they are permissive, rather than compulsory, *see Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1359 (5th Cir. 1979); the counterclaims are conclusory and therefore fail to state a claim for relief; and the time Leal allegedly spent on her cell phone is compensable under the FLSA. In light of the analysis below, the Court finds it unnecessary to address these arguments.

3

enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

The former Fifth Circuit's 1974 decision in *Heard* is, with one exception discussed below, the only binding precedent addressing whether set-offs are permissible in the FLSA context.[2] In that case, the Secretary of Labor brought suit against an employer seeking to enjoin it from withholding sums due under the FLSA's minimum wage and overtime provisions. *Heard*, 491 F.2d at 2. The district court found a willful FLSA violation, but reduced the back pay awards by the value of employment-related goods furnished by the employer to the employees. *Id.* at 2-3. On appeal, the former Fifth Circuit upheld the district court's finding of willfulness but reversed the set-off.[3] *Id.* at 2-4. In reversing the set-off, the Court observed that the set-offs reduced the final award for many of the employees below the minimum payment required by the FLSA, which contradicted "Congress' express purpose . . . to enable a substantial portion of the American work force to maintain a minimum standard of living." *Id.* at 3 (citation omitted). Although the Court's analysis arguably could have ended there, the Court proceeded to address more generally whether set-offs are permissible in the FLSA context:

> The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] The Fifth Circuit's willfulness holding in *Heard* was later abrogated by *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), but its holding on the set-off issue remains good law.

4

> those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor.

*Id.* This strong language in *Heard* established that set-offs are generally inappropriate in the FLSA context.

Nonetheless, the FLSA carves out a narrow exception to *Heard*'s general rule. The statute provides that overtime premiums excluded from the "regular rate" of pay "shall be creditable toward overtime compensation payable pursuant to this section." 29 U.S.C. § 207(h)(2) (cross-referencing § 207(e)(5)-(7)). The Eleventh Circuit recognized this exception in *Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1481 (11th Cir. 1990), holding that § 207(h) authorized an FLSA employer—which had underpaid overtime during certain pay periods but overpaid during other pay periods—"to set-off *all* previously paid overtime premiums . . . against overtime compensation found to be due . . . ." In other words, the Court allowed overtime premiums previously paid to offset the overtime allegedly due.

Although it is not binding precedent, the Fifth Circuit recognized a similar exception in *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003). In that case, as in *Kohlheim*, the employer's method of calculating the employees' regular pay rate resulted in underpayments of overtime wages for pay periods where the employees worked 120 hours, but overpayments for pay periods where the employees worked 96

hours. *Id.* at 817, 826. Thus, "[w]hen the [employer] overpaid its employees in the 96-hour periods, it essentially compensated the employees for the shortfalls in the 120-hour periods." *Id.* at 828. The district court allowed the employer to use the underpayments made during the 120-hour periods to offset the overpayments made during the 96-hour periods. *Id.* at 826. On appeal, the Fifth Circuit upheld this set-off, and in a footnote distinguished *Heard* on the ground that "no party contend[ed] that the offset might cause the [employees'] wages to fall below the statutory minimum wage." *Id.* at 826-828 & n.9.

Relying on this footnote in *Singer*, some district courts in this Circuit took the view that *Heard* did not prohibit set-offs where they would not result in an award below the statutory minimum payment; others continued to interpret *Heard* as prohibiting all set-offs. *See, e.g., Hutton v. Grumpie's Pizza and Subs, Inc.*, 2008 WL 1995091, at *3 (S.D. Fla. May 7, 2008) (citing post-*Singer* cases reaching both conclusions). The Fifth Circuit has since clarified this confusion, issuing two recent decisions limiting *Singer* to its facts and rejecting the view that it permitted set-offs so long as they did not result in an award below the statutory minimum payment.

In *Gagnon v. United Technisource Inc.*, 607 F.3d 1036 (5th Cir. 2010), an employee brought an FLSA claim for unpaid overtime wages. The employer counterclaimed for breach of contract and fraud based on the employee's failure to notify the employer when he moved from a city 280 miles from the work site to one only 9 miles away, and for continuing to receive per diem pay. *Id.* at 1040, 1042. The district court found an FLSA violation, but did not address the counterclaims. *Id.* at 1042. On appeal, the Fifth Circuit significantly found no error in the district court's

6

failure to address the counterclaims, explaining that *Heard* "suggest[ed] that such claims should not be addressed in a FLSA action." *Id.* The Court nonetheless proceeded to address the related issue of set-offs, in part because *Singer* had suggested that they might sometimes be permissible. *Id.* at 1043. In doing so, the Court limited *Singer* to its facts:

> While *Singer* does allow offsets, it is distinguishable from this case, as it dealt with an offset that occurred because the [employer] had already paid a large portion of the back overtime pay due to the worker. The *Singer* court specifically stated that the offset "simply acknowledged that the [employer] *already paid* the bulk of its overtime obligation."

*Id.* at 1043 (quoting *Singer*, 324 F.3d at 828). This limitation effectively brought *Singer* in line with both § 207(h)(2) and the Eleventh Circuit's decision in *Kohlheim*.

A few months later, the Fifth Circuit reiterated this limited interpretation of *Singer* in *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738 (5th Cir. 2010). In that case, an employee (Martin) entered into a severance agreement with her former employer (Pepsi). *Id.* at 740. Martin agreed not to file any claims against Pepsi, and Pepsi agreed in exchange to provide her "with a severance package that included various benefits to which she was not otherwise entitled." *Id.* Despite this agreement, Martin filed a lawsuit against Pepsi for unpaid overtime under the FLSA. *Id.* Pepsi successfully argued in the district court that it was "entitled to set-off damages for breach of the severance agreement . . . .." *Id.* In reversing this set-off, the Fifth Circuit reiterated that *Gagnon* had "rejected the employer's argument, which Pepsi renews here, that *Singer* stands for the proposition that set-offs are allowed in FLSA cases so long as they do not result in sub-minimum wages." *Id.* at 741-42. The Court explained that, "[a]lthough that reading of *Singer* may have been plausible at one time, *Gagnon*

7

clarified that it was the unique character of the set-offs in *Singer*—that they represented overtime obligations already fulfilled—that allowed for a narrow exception to the bright-line rule spelled out in *Heard*." *Id.* at 742.

In sum, *Heard* established a "bright-line rule," *id.* at 742, in this Circuit prohibiting set-offs in the FLSA context. The only exception to this rule is codified in § 207(h)(2)— permitting overtime premiums to offset any overtime owed—and this exception has been recognized by the Eleventh Circuit in *Kohlheim* as well as the Fifth Circuit in *Singer* (as interpreted by *Gagnon* and *Martin*). That limited exception is not applicable to this case. The Teins do not seek a set-off based on overtime payments already paid to Leal. Rather, they seek a set-off based on wages paid for hours she allegedly spent talking on the phone instead of working. This Court has not located any authority permitting such a set-off in the FLSA context, and § 207(h)(2) (which is again inapplicable here) is the only overtime set-off authorized by the statute. *See Wheeler v. Hampton Twp.*, 399 F.3d 238, 245 (3d Cir. 2005) ("Where a credit is allowed, the statute says so.") (discussing § 207(h)(2)). In the absence of such authority, the Court will strike the Teins' affirmative defense requesting a set-off.

The issue remains whether to dismiss the Teins' counterclaims. The counterclaims do not explicitly seek to offset the overtime that has allegedly gone unpaid, but rather seek independent relief from Leal in the form of wages already paid to her. Such relief, however, would effectively offset any overtime that the Teins are found to owe. Moreover, the Teins' counterclaims are based on the same allegation underlying the set-off defense that this Court has just stricken. Given that the counterclaims "essentially reiterate[]" the set-off defense, *Gagnon*, 607 F.3d at 1043,

8

allowing them to proceed would circumvent the general prohibition against set-offs discussed above.

Allowing the counterclaims to proceed would also distract this Court from its "sole function and duty under the Act . . . to assure . . . a minimum level of wages," invite "[a]rguments and disputations over claims against those wages," "clutter the[] proceedings with the minutiae of other employer-employee relationships," and "deprive the employee of the 'cash in hand' contemplated by the Act." *Heard*, 491 F.2d at 4. As another court citing *Heard* has stated, "[t]he purpose of the present [FLSA] action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims . . . against his employees would delay and even subvert the whole process. [The employer] is free to sue his employees in state court . . . for any sum which he feels is due and owing him." *Donovan v. Pointon*, 717 F.2d. 1320, 1323 (10th Cir. 1983) (citing *Heard*, 491 F.2d at 4, and *Nat'l Labor Relations Bd. v. Mooney Aircraft, Inc.*, 366 F.2d 809, 811 (5th Cir. 1966)). Thus, the Court concludes that the counterclaims should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court **STRIKES** the Teins' affirmative defense requesting a set-off, and **GRANTS** Leal's motion to dismiss the Teins' counterclaims.

DONE AND ORDERED in Chambers, at Miami, Florida, this 24th day of October, 2011.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE